B. Alexander Moghaddam (SBN 141199)
Law Office of Alexander Moghaddam, PC
10250 Constellation Blvd., Suite 2320
Los Angeles, CA 90067
Telephone: (310) 315-3442
Fax: (310) 315-4144
alex@moghaddamlaw.com
Attorneys for Defendant
A.P. Moller - Maersk A/S
dba Maersk Line, erroneously sued herein as
Maersk Line Limited

RUSSELL. MIRKOVICH & MORROW
Joseph N. Mirkovich (SBN 45644)
jmirkovich@rumlaw.com
Margaret E. Morrow (SBN 145306)
mmorrow@rumlaw.com
One World Trade Center, Suite 1660
Long Beach, California 90831-1660
(562) 436-9911 fax (562) 436-1897
Attorneys for Plaintiff
Agro Trading International, LLC,
a Florida limited liability company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGRO TRADING INTERNATIONAL, LLC, a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>MAERSK LINE LIMITED, a Delaware corporation; DOES 1 through 100, inclusive<br><br>Defendants. | Case No. CV 14-3567 PA (JCGx)<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY**<br><br>Discovery Cutoff: December 29, 2014<br><br>Pretrial Conference: February 6, 2015<br><br>Trial Date: March 10, 2015 |

STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY

1  WHEREAS Defendant A.P. Moller - Maersk A/S dba Maersk Line, erroneously sued herein as Maersk Line Limited ("Maersk") and Plaintiff Agro Trading International, LLC ("Agro"), recognize that, pursuant to discovery or otherwise during the course of the above-captioned lawsuit (the "Lawsuit"), the parties may be required to produce or disclose personal, commercially sensitive, financial or proprietary information ("Confidential Information"); and

WHEREAS, the parties have, through counsel, stipulated to entry of this Stipulated Protective Order to prevent unnecessary disclosure or dissemination of such Confidential Information;

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Stipulated Protective Order (hereinafter the "Order") shall control the disclosure, dissemination, and use of Confidential Information in the Lawsuit:

1. This Order shall govern the production, use and disclosure of confidential documents, things and information produced, used or disclosed in connection with the Lawsuit and designated in accordance with this Order. A party may designate information, documents or things produced, used or disclosed in connection with the Lawsuit as "CONFIDENTIAL" and subject to the protections and requirements of this Order, if so designated in writing to the other parties, or orally if recorded as part of a deposition or court proceeding, pursuant to the terms of this Order.  Information, documents and things that a party in good faith and reasonably believes contains or refers to information that is confidential, private, proprietary and/or sensitive information not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations, may be designated as "CONFIDENTIAL."  Any use of CONFIDENTIAL material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of CONFIDENTIAL material at trial.

2. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing party shall affix the legend "CONFIDENTIAL" to each page that contains protected material.

3. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

4. Information conveyed or discussed in testimony at a deposition shall be subject to this Order, provided that such deposition testimony is designated as "CONFIDENTIAL" orally or in writing either at the time of the deposition or after receipt by the parties of the deposition transcript. For such time as any information, documents or things designated as "CONFIDENTIAL" are disclosed in a deposition, the party whose information, documents or things are to be disclosed shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information, documents or things pursuant to this Order. In the event that a party believes that "CONFIDENTIAL" information will be disclosed during a deposition, counsel for the party may designate on the record that all or specific portions of the deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL." In addition, a party shall have thirty (30) days after receiving a copy of the deposition transcript in which to designate all or specific portions of the transcript as

"CONFIDENTIAL", as appropriate. If, within such thirty (30) days, no party designates in writing certain portions of the deposition transcript as "CONFIDENTIAL", all parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions of confidentiality, subject to the provisions of Paragraph 5 below.  However, under no circumstances shall any deposition transcript, video and/ or audio recording created in connection with the Lawsuit be disclosed, disseminated or otherwise released, directly or indirectly, to the media, including, without limitation, to any of the following individuals and/or entities: news outlets, journalists, media organizations, newspapers, periodicals, magazines, publishers, publications, television stations, television studios, radio stations, tabloids, Internet service providers, websites, databases, blogs, online social networks, podcasts, Internet publications, and/or any other person or enterprise involved in the print, broadcast, wire, online, electronic or other media.

5. The failure of a party to designate information, documents or things as "CONFIDENTIAL" in accordance with this Order, and/or the failure to object to such a designation, shall not preclude a party at a later time from designating or objecting to the designation of such information, documents or things as "CONFIDENTIAL". The parties understand and acknowledge that a party's failure to designate information, documents or things as "CONFIDENTIAL" at or within the time specified in this Order relieves the other parties of any obligation of confidentiality until the designation is actually made.

6. Any information, document or thing designated as "CONFIDENTIAL" shall be used by the receiving party solely in connection with the Lawsuit and shall not be disclosed to anyone other than:

    (a)    The Court and Court personnel;

    (b)    The parties and employees/agents of the parties, provided that:

        (i)    such disclosure is needed to assist in the prosecution or defense of the Lawsuit;

        (ii)    such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons; and

        (iii)    before any such employee or agent is shown or receives any information, document or thing designated as "CONFIDENTIAL," he or she must execute a written certification (the "Certification" in the form of Exhibit "A" (attached hereto) and the procedures of Paragraph 7 below must be followed;

(c)    Outside counsel of record, and their employees;

(d)    Testifying experts, translators, interpreters, investigators, consulting experts and advisors who are independent of and not employed by a competitor of the producing party (including, but not limited to, a competitor's suppliers, contractors and operators) who are retained for purposes of the Lawsuit, provided, however, that before any such person is shown or receives any information, document or thing designated as "CONFIDENTIAL," he or she must execute a Certification and the procedures of Paragraph 7 below must be followed;

(e)    Persons testifying in depositions to the extent the "CONFIDENTIAL" document, thing or information was authored by, addressed to or received by the person testifying, or such person is established as knowledgeable of such information or thing, or contents of the document, prior to disclosing the information, document or thing;

1        (f)      Any mediator or arbitrator that the parties engage in the Lawsuit, or that the Court appoints;

      (g)      Court reporters or other persons involved, in the recording or transcription of deposition testimony in the Lawsuit;

      (h)      Copying and scanning services retained to handle or reproduce materials in the Lawsuit, provided that person agrees to be bound by this Order and executes a Certification in the form of Exhibit "A" hereto; and

      (i)      Any other person for which the parties agree in writing, provided that person agrees to be bound by this Order and executes a Certification in the form of Exhibit "A" hereto.

      7.      The attorneys of record for the receiving party shall retain the original Certifications that have been executed. A person who has signed a Certification shall not be required to sign more than one, but the execution of the Certification by a person prior to the initial disclosure to that person of documents and information designated as 'CONFIDENTIAL" shall bind the person with respect to all subsequent disclosures of any other information to such person designated as "CONFIDENTIAL" in connection with the Lawsuit.

      8.      Unless otherwise permitted herein, if requested by the producing party within sixty (60) days after the final disposition of the Lawsuit, including all appeals therefrom, all documents and things designated as "CONFIDENTIAL" ,all copies of such documents and all papers containing "CONFIDENTIAL" information in the possession, custody or control of the parties and their attorneys, employees, experts, translators, interpreters, investigators, advisors or consultants shall be destroyed or returned to counsel for the producing party. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 8 have been completed.

1  Notwithstanding the foregoing, the attorneys of record for the parties may retain
2  one complete set of pleadings and papers filed with the court or served in the
3  Lawsuit, as well as work product materials, including those relating to documents
4  and information designated as "CONFIDENTIAL."

5       9.    The Court shall retain jurisdiction over the parties for the purpose of
6  ensuring compliance with this Order and granting such amendments, modifications
7  and additions to this Order and such other and further relief as may be necessary,
8  and any party may apply to the Court at any time for an amendment, modification
9  or addition to this Order. This Order shall survive the final disposition of the
10 Lawsuit, by judgment, dismissal, settlement or otherwise.

11      10.    Notwithstanding anything in this Order to the contrary, the
12 confidentiality obligations of this Order shall not prohibit the use by any party of
13 any information, documents or things in any of the following situations: (1) that
14 the party itself has designated as "CONFIDENTIAL"; (ii) that are currently in the
15 party's lawful possession, custody or control; (iii) that later come into the
16 possession of the party from the public domain or from others lawfully in
17 possession of such information, documents or things who are not parties to the
18 Lawsuit or bound by this Order or a comparable order or obligation; (iv) or subject
19 to Paragraph 17, that are required to be disclosed by any subpoena, law, regulation,
20 order or rule of any governmental authority; provided, however, that if a party is
21 required to disclose a document, thing or information designated as confidential
22 pursuant to any subpoena, law, regulation, order or rule of any governmental
23 authority, the party shall give immediate advance notice, to the extent possible, of
24 any such requested disclosure in writing to the counsel of the other parties to afford
25 those parties the opportunity to seek legal protection from the disclosure of such
26 information, documents or things. However, nothing contained in this Order is
27
28

1  intended to be construed as authorizing a party to disobey a lawful subpoena issued
2  in another action.

3      11.    For any violation of the terms of this Order, any party shall be free to
4  apply to the Court for such relief as the party deems appropriate.

5      12.    Neither this Order nor any stipulation therefor, nor any disclosure or
6  use of information, documents or things, in whatever form, pursuant to this Order,
7  shall be deemed an admission, waiver or agreement by any party that any
8  information, document or thing designated as "CONFIDENTIAL" hereunder is or
9  is not a trade secret or Confidential Information entitled to protection from
10 disclosure. Further, neither this Order nor any stipulation therefor shall he deemed
11 to expand the scope of discovery in the Lawsuit beyond the limits otherwise
12 prescribed by law or to enlarge the scope of discovery to matters unrelated to the
13 Lawsuit.

14     13.    Unintentional production of documents subject to work-product
15 immunity, the attorney-client privilege, or joint-defense privilege, whether through
16 inadvertence, accident, carelessness, negligence, gross negligence, recklessness or
17 otherwise, shall not, by that act alone, constitute a waiver of the immunity or
18 privilege, provided that the producing party notifies the receiving party in writing,
19 with confirmation, of the fact and circumstances of such an alleged unintentional
20 production promptly upon learning of it. Such alleged unintentionally produced
21 documents, and all copies thereof, shall be promptly returned to the producing
22 party or destroyed upon request, unless the receiving party promptly seeks the
23 Court's determination that (i) the documents are not privileged or protected by
24 work product immunity or (ii) a waiver has occurred, e.g., because the production
25 was not unintentional or the claim of unintentional production was not made
26 promptly. Until the parties or the Court resolve(s) the issues raised by the receiving

party, the receiving party may not use or disclose the alleged unintentionally produced documents.

14. This Order shall not be construed to foreclose any party from moving the Court for an order that information, documents or things designated as "CONFIDENTIAL" are not confidential. Any party may object to the designation of Confidential Discovery Materials as "CONFIDENTIAL" at any time that is consistent with the Court's Scheduling Order in accordance with the following procedure:

(a) Any party (hereinafter the "Challenging Party") dissatisfied with the classification of discovery materials as "CONFIDENTIAL" shall initiate the dispute resolution process under Local Rule 37.1 et seq. .

(b) The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.
Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

15. If a third party produces documents, things or information or provides deposition testimony that it believes contain( s) or refer( s) to information that is "CONFIDENTIAL", such third party may mark such documents or things, or identify such information and deposition testimony in accordance with Paragraphs 2 - 4 above and may avail itself of Paragraphs 7, 10, 12, 13, 17, 19 and/or 20

herein, and such documents, things, information and deposition testimony shall be treated by the parties in accordance with the provisions of this Order as if such documents, things, information and deposition testimony were produced by a party to this action.

16. Where any Confidential Information is included in any motion or other document filed with the Court in this matter, the filing Party shall follow the rules and procedures regarding Confidential Court Records set forth in Local Rule 79-5 of the Local Civil Rules of the United States District Court for the Central District of California.

17. Any party that designates written discovery requests or responses as "CONFIDENTIAL", shall provide upon written request, within two business days from receipt of any such request, a redacted copy of same to all other parties, to the extent feasible, which removes all "CONFIDENTIAL" information.

   (a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the receiving party must so notify the designating party, in writing (by U.S. Mail and, if possible, by facsimile or email) immediately and in no event more than three days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

   (b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

        (c)    The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in the Lawsuit an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating party shall bear the burdens and the expenses of seeking protection in that court of its confidential material; and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

18.    Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

19.    By stipulating to the entry of this Order no party waives any right it otherwise would have to object to disclosing and/or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence any of the material covered by this Order.

20.    Nothing in this Order shall constitute a waiver of a party's objections or require disclosure of materials a party contends are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or other applicable protection, including, without limitation, any objection to a request for information and/or production of documents or things, whether the objection is based on the contention that the information, documents or things requested contain information that is privileged, proprietary, confidential financial information, trade secrets, confidential research or developmental information, documents or otherwise. This provision shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of

such materials where it disputes the claim of attorney-client privilege, the attorney work-product doctrine, or any other allegedly applicable protection.

21. This Order shall not prevent a party from applying to the Court for relief herefrom, or from applying to the Court for a modification of this Order or further or additional protection against or limitation upon production of documents produced in response to discovery.

22. Nothing in this Order shall preclude any party to the Lawsuit or his, her or its counsel of record from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL.

23. This Order may be executed in counterparts, which taken together shall be deemed to constitute one and the same document. This Order may be executed by facsimile, electronic and/or scanned PDF signatures, which shall have the same force and effect as if they were original signatures.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November __, 2014        LAW OFFICES OF
                                ALEXANDER MOGHADDAM, PC

                        By:     /s/B. Alexander Moghaddam
                                B. Alexander Moghaddam
                                Attorneys for Defendant
                                A.P. MOLLER-MAERSK A/S dba
                                MAERSK LINE, erroneously sued herein
                                as MAERSK LINE LIMITED

Dated: November __, 2014        RUSSELL MIRKOVICH & MORROW

                        By:     /s/Margaret E. Morrow
                                Margaret E. Morrow
                                Attorneys for Plaintiff
                                AGRO TRADING INTERNATIONAL, LLC

Based on the foregoing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Stipulated Protective Order re Confidentiality shall be entered

1  and shall govern the disclosure of confidential information during discovery in this
2  litigation.

  Date:  December 10, 2014

  _____
  Hon. Jay C. Gandhi

# EXHIBIT A

## CERTIFICATION AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order re Confidentiality that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Agro Trading International, LLC v. A.P. Moller - Maersk A/S dba Maersk Line, erroneously sued herein as Maersk Line Limited,* Case No. CV 14-3567 PA (JCGx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order re Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order re Confidentiality to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____